IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06cr169-WKW |
| | ) | WO |
| WILMONT TIMOTHY BARNETT | ) | |

**ORDER ON MOTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on March 5, 2007. There is a rebuttable presumption of detention in this case.[1]

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant – who is charged in the indictment with conspiracy to possess with intent to distribute and distribute 50 grams or more of crack cocaine, 5 kilograms or more of cocaine powder, and a quantity of marijuana; as well as distribution of approximately 14.06 grams of crack cocaine – has a history of distribution of controlled substances and parole violation. Defendant pled guilty to one count of distribution in 1997. According to the pretrial services officer, he was released in October 1999, but his probation was revoked for "technical violations" (use of cocaine, failure to work, failure to pay court costs and restitution) soon thereafter in November 1999. He was arrested again on a second distribution charge in February 2000, and he pled guilty to that offense in April, 2000. He was paroled on the first distribution charge in June, 2002. In September, 2004, he

---

[1] Defendant made a sufficient showing to rebut the presumption in this case.

made the drug sale (14.08 grams of crack cocaine) charged in Count 8 of the indictment. He was arrested again in February 2005 for possession of marijuana second and trafficking in cocaine (charges subsequently no billed and dismissed, respectively), and his parole was revoked in May, 2005. He was paroled again on June 1, 2006 on the second distribution charge. He has numerous traffic violations involving speeding, no driver's license, and failures to appear. In addition, the drug conspiracy charged in the indictment involves 16 defendants, a large quantity of drugs, cash in excess of $2 million, multiple drug transactions, several shootings and weapons, and the potential for lengthy prison sentences for all defendants. Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 8th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE
