IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Case No. 2:06-CR-169-WKW |
| | ) | |
| WILMONT TIMOTHY BARNETT | ) | |

**SENTENCING MEMORANDUM
and
MOTION FOR DOWNWARD DEPARTURE**

COMES NOW Defendant Wilmont Timothy Barnett, by and through counsel, and would show the Court as follows:

Pursuant to USSG § 3B1.2(a), Defendant is entitled to a decrease in the offense level of 4 levels. This is a multi-defendant case involving 16 defendants, the seizure of more than a million dollars in cash, and the movement of large quantities of drugs. Compared to the culpability of other members of the conspiracy, Defendant was a minimal participant. Taking all of the allegations of the indictment as true for the purposes of this objection, Defendant was a mere street-level dealer, facilitating one distribution of 14.06 grams of cocaine base.

The United States Sentencing Commission, in its effort to reduce the disparity between cocaine powder and cocaine base, has created a system in which the crack-to-powder ration varies wildly from one offense level to the next. Worse yet, the ratio is the most severe for Defendant. At offense level 38, for example, the ratio (crack:powder) is 33:1, at level 30, it is 70:1, and at Defendant's base offense level – 24 – the ratio is a whopping 80:1. The lowest disparity under the new scheme is 25:1. Fairness and sentencing uniformity demand that Defendant's base offense level be set at a level that reflects a 25:1 crack/powder ratio. That would set Defendant's BOL at 18 (5 (minimum level) x 25 = 125 g (powder); 125 g (powder =

BOL 18). Even if the Court were to multiply the actual amount of cocaine base by 25, the result would be a cocaine-powder-equivalent of 352 grams, putting the final guideline offense level at 22.

This reflects unsound judgment on the part of the Sentencing Commission within the meaning of *Rita v. U.S.*, 127 S.Ct. 2465, 2468 (2007), and cannot be reconciled with a rational sentencing scheme.

Defendant asserts that he should be assigned a base offense level that reflects the lowest guideline disparity available between crack and powder.

Particularly in view of the recent Supreme Court holdings released on December 10, 2007, in *U.S. v. Kimbrough* and *U.S. v. Gall*, Defendant asserts that a reduction of base offense level from 24 to 18 is reasonable.

In *Kimbrough*, the Court held as follows:

> We hold that, under *Booker*, the cocaine Guidelines, like all other Guidelines, are advisory only, and that the Court of Appeals erred in holding the crack/powder disparity effectively mandatory. A district judge must include the Guidelines range in the array of factors warranting consideration. The judge may determine, however, that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing. 18 U.S.C. § 3553(a) (2000 ed. and Supp. V). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses.

*Kimbrough v. U.S.* 2007 WL 4292040, *5 (2007).

On the same day, the *Gall* Court relieved trial courts of the need to show "extraordinary" circumstances in order to fashion a just sentence:

> In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may therefore take the degree of variance into account and consider the extent of a deviation from the Guidelines. We reject, however, an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range. We also reject the use of a rigid mathematical

formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.

*Gall v. U.S.*, 2007 WL 4292116, *6 (2007)

Most importantly, the *Gall* Court re-emphasized its holding in *Rita* that sentencing considerations must start with computation of the guidelines, but not end there. The Court directed that trial courts should give the parties a chance to argue their positions and should then consider all of the factors set forth in 18 U.S.C. § 3553. In determining the final sentence, however, the trial court "may not presume that the Guidelines range is reasonable." *Gall* at *7. Instead, he "must make an individualized assessment based on the facts presented." *Id.*

With these cases, the Supreme Court has continued to reject a mechanical, arithmetical approach to sentencing, a rejection that it had earlier recognized in *Koon v. U.S.*, 518 U.S. 81, 113 (1996), when it held that "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes, mitigate, sometimes magnify, the crimes and the punishment to ensue." Post-*Koon*, there are virtually no limits on the number of potential factors that may warrant a departure below guideline ranges.

Defendant also submits that the Court should not use Count 1 of the indictment to set his maximum term of imprisonment. As Defendant and the government have agreed that the total amount of cocaine base to be attributed to Defendant is 14.06 grams (representing his total stake in the conspiracy), his maximum term should be read in accordance with 21 USC § 841(b)(1)(B), providing for a range of 5-40 years.

Defendant has objected to the Probation Officer's calculations to the extent that they end in a factually absurd result in that the application of the guidelines to a case in which Defendant

distributed 14.06 grams of cocaine base and immediately accepted his responsibility and expressed remorse would result in his imprisonment of 262-327 months (before departure for substantial assistance).  Defendant appreciates the fact that the Probation Officer has applied career offender rules to this case, but suggests that the result is not in keeping with this crime and Defendant's role in it.

Defendant respectfully requests that the Court sentence him to no more than 125 months, reflecting a sentence that comports with 18 USC § 3553, and in particular the stricture that a sentence be no grater than necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

RESPECTFULLY SUBMITTED, this __30th__ day of January, 2008.

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on the _30th_ day of January, 2008, I transmitted the foregoing to the United States Probation Officer and to the following parties or counsel by facsimile transmission:

A. Clark Morris  
Office of the United States Attorney  
One Court Square, Suite 201  
Montgomery, AL 36104

                                                        /s/ JAY LEWIS  
Law Offices of Jay Lewis, L.L.C.  
P.O. Box 5059  
Montgomery, Alabama 36103  
(334) 263-7733 (Voice)  
(334) 832-4390 (Fax)  
J-Lewis@JayLewisLaw.com  
ASB-2014-E66J  
Attorney for Defendant