IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Case No. 2:06-CR-169-WKW |
| | ) | |
| WILMONT TIMOTHY BARNETT | ) | |

## MOTION TO WITHDRAW GUILTY PLEA

COMES NOW Defendant Wilmont Timothy Barnett, by and through counsel, and would show the Court as follows:

Defendant has entered a plea of guilty to Counts 1 and 8 of the indictment in this case. Count 1 alleges a conspiracy to possess with intent to distribute and distribute a controlled substances. That Count carries a penalty of 10 years to Life. Count 8 alleges distribution of a controlled substance, with a statutory penalty of 5-40 years.

The facts of this case, as asserted by the government, are that Defendant was arrested following a controlled buy of crack cocaine in the amount of 14.06 grams. In the alleged conspiracy, he was simply a street-level dealer. Upon his arrest, Defendant immediately accepted responsibility for his acts and began to cooperation with the government, which cooperation was certified to have been substantial.

During plea negotiation with the government, it was agreed that the amount of crack attributable to Defendant would be the 14.06 grams involved in the control buy. The parties contemplated that Defendant's sentence would be computed on that basis, with adjustments for acceptance of responsibility and substantial assistance.

Defendant's counsel noted that the government had not filed an information with the court under 21 USC § 851 stating the previous convictions to be relied upon, but counsel did not

anticipate the United States Probation Officer's application of U.S.S.G. § 4B1.1, thus did not counsel Defendant about it.

The Presentence Investigation Report contemplates the fact of engagement in the conspiracy to boost the statutory maximum for the offense to Life, whereas under Count 8 alone, the statutory maximum would be 40 years. Because of the interplay of the career offender provisions of U.S.S.G. § 4B1.1(a), Defendant is now looking at a Criminal History Category of VI and a Base Offense Level of 37. Without the consideration of Count 1, the Base Offense Level would be 34. Neither Defendant nor – it is suggested – the government contemplated the effect of Count 1 on the final guideline range; nor would it have had an effect save for the application of the career offender guideline. Defendant was simply unaware of the enhanced penalties he faced as a result of the application of the career offender guideline.

Defendant is cognizant of the fact that the granting or denial of a motion to withdraw a guilty plea is within the sound discretion of the trial court; however, "[a] defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B).

To determine whether a defendant has shown a "fair and just reason," a district court may consider the totality of the circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *U.S. v. Cambronne*, 2008 WL 194913, *1 (11th Cir., 2008), quoting *United States v. Buckles*, 843 F.2d 469, 471-72 (11th Cir.1988).

In this case Defendant avers that the plea was not knowing an voluntary because he was not properly advised of the maximum sentence he could receive under the plea agreement. Moreover the government will not be prejudiced if Defendant were allowed to withdraw his plea.

RESPECTFULLY SUBMITTED, this __30th__ day of January, 2008.

/s/ JAY LEWIS
Law Offices of Jay Lewis, L.L.C.
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Defendant

## CERTIFICATE OF SERVICE

  I hereby certify that on the _30th_ day of January, 2008, I transmitted the foregoing to the United States Probation Officer and to the following parties or counsel by facsimile transmission:

A. Clark Morris
Office of the United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104

                /s/ JAY LEWIS
                Law Offices of Jay Lewis, L.L.C.
                P.O. Box 5059
                Montgomery, Alabama 36103
                (334) 263-7733 (Voice)
                (334) 832-4390 (Fax)
                J-Lewis@JayLewisLaw.com
                ASB-2014-E66J
                Attorney for Defendant