IN THE UNITED STATES DISTRCT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(EASTERN DIVISION)

| | |
|---|---|
| WILMONT BARNETT, pro'se | ) |
| | ) |
| | ) |
| VS | ) CASE NO. 2:06-CR-169-WKW_15 |
| | ) |
| UNITED STATES OF AMERICA | ) |

MOTION UNDER TITLE 18 U.S.C.§ 3582(c)(2) & § 3553(a) AND OF THE UNITED STATES SENTENCING GUIDELINES § 1B1.10 and 1B1.11 FOR THE REDUCTION OF SENTENCE BASED ON AMENDMENT 706,FOR TWO LEVELS FOR COCAINE_BASE EFFECTIVE NOVEMBER 1,2007,BECAME RETROACTIVE MARCH 3,2008,.

Defendant, Wilmont Barnett,acting pro'se, respectfully requests this Honorable Court to modify Defendant's sentence base offense level to a level 24 pursuant to the November 1,2007,reduction of two levels for cocaine-base of the Upper Limit of Drug Quanity Table; apply any upward or downward adjustments or departures; and allow counsel to argue for a downward departure based on post-conviction rehabilitation. In support thereof Defendant states:

1. On January 31,2008,the Defendant was sentenced at a level 34 category six(6) between the guideline range of 262-327 as a career offender.

2. The Guideline base offense level on January 31,2008,under United States sentencing Guideline 2D1.1(c),for at least 5grams of cocaine-base but less than 20 grams of cocaine-base was a level 26,in which the Defendant was accountable for was 14grams of crack at a level

26,category six(6),between the range of 120 and 150 months. The
Defendant received a eight level enhancement under the career criminal
provision which was a level 34,he then received a three point reduction
under 3E1.1(a)(b) which gave hime a abse offense level of 31 between the
range of 188-235.

3.Since the Defendant's sentencing ,the United States Sentencing
Guidelines have been amendmend to reduce the highest quantity base
offense level by two levels for coacine-base offenses,which came
into effect March 3,2008.pursuant to §1B1.10,at a very minimum
Defendant's base offese level should be reduce to a level 24,even
though Defendant was a career offender he criminal history does
not call for the enhancement provision under 4B1.1 ,in which
this court has the authority to depart because the guideline
are nolonger manadatory but advisory,see Booker,128 S.CT.738
" restrictions on the final sentence imposed,based upon the
guideline is inconsistent with the non-manadatory nature of
the guideline". see also UNITED STATES VS SANCHEZ,05-3812(L)
"The courts mistaken conception that it lacked the authority
to depart from the career offender provision was an error of
law".

The Defendant ask the courts to depart from the career offender
provision under 18 U.S.C. 3553(a),which consistent with 18 U.S.C.
3582(c)(2),the court shall consider the factors set forth in
18 U.S.C. 3553(a),and to attempt to reinstate the mandatory
natuer of the career offender guidelines is unconstitutional
an in violation of BOOKER,543 U.S 261,Booker,should still be
applicable to making a determination on the reduction of a sentence
under the Amendment applied to 18 U.S.C.3582(c)(2)motions,effecting
resentencing retoractive crack amendment for career offender,see
also UNITED STATES VS BOOKER 1:00-CR-434-MHS DKT.44 11cir 2008,
"where the goverment acknowledge the defendant career offender
status but still did not oppose the two level reduction under
the new carck amendmnet 706".

Section 994(h)However,by it terms,is a direction to the sentencing commission,not to the court and it finds no expresss analy in Title 18 or 21, which 21 U.S.C. 841(b)expressly establish the minimum and maximum prision terms that the court is allowed to imposed for violation of 841(a),there is no statuory provision instructing the court to sentence a career offender at or near the statutory maximum. Under 18 U.S.C. 3553(a)(4)(A),it does not instruct the court to impose such a sentenceor not for the court to depart when the changes in the Guideline have occured see generally UNITED STATES VS LABONTE, 520 U.S. 751,761 n.5 (1997).

Wherefore,it is respectfully requested this honorable court reduce defendant sentence in accord with 3553(a),and in light of UNITED STATES VS BOOKER,125 S.CT.738,pursuant to amendment 706, for cocaine-base two level reduction.

Respectfully submitted,

*Wilmont Barnett*

WILMONT BARNETT 12129-002
UNITED STATES PENITENTIARY
P.O.BOX 150160
ATLANTA,GA 30315

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing motion has been forward to the

        UNITED STATES ATTORNEY OFFICE
        P.O.BOX 197
        MONTGOMERY AL,36101

by placing the said document in the hands of the officals here at U.S.P. Atlanta postage paid in full on this 6th day of June 2008.

        Respeqtfully submitted,
        *Wilmont Barnett*
        WILMONT BARNETT 12129-002
        UNITED STATES PENITENTARY
        P.O.BOX 150160
        ATLANTA,GA 30315