IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CR-169-WKW |
| | ) | [WO] |
| WILMONT TIMOTHY BARNETT | ) | |

## **ORDER**

Before the court is Defendant Wilmont Timothy Barnett's *pro se* motion Requesting a Judicial Recommendation Concerning Length of Residential Re-Entry Center Placement Pursuant to the Second Chance Act of 2007. (Doc. # 889.) The Government opposes this motion. (Doc. # 897.)

Congress has assigned the Bureau of Prisons ("BOP") the responsibility of "ensur[ing] that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). The BOP considers a number of factors when designating an inmate's place of imprisonment, such as:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence—
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and

>   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). While a court can make a recommendation to the BOP, it remains "Congress' intent to allow the BOP to rely on its own judgment in classifying prisoners and placing them in institutions," *Cohen v. United States*, 151 F.3d 1338, 1343 (11th Cir. 1998), and "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of that person," 18 U.S.C. § 3621(b).

Courts do occasionally make the kind of post-sentencing recommendation Mr. Barnett seeks. *See United States v. Perry*, 2:13-cr-49-TLN, 2017 WL 1534275, at *2 (E.D. Cal. Apr. 28, 2017) (collecting cases). But those instances are rare, and they present extraordinary circumstances. For instance, in one case from this district, the inmate used his time in prison "to learn technical skills, address his substance abuse, repair his relationship with his family, and improve the very facilities he served in." *United States v. Baker*, No. 3:01-cr-94-01-MHT, 2013 WL 355867, at *2 (M.D. Ala. Jan. 29, 2013). As one BOP supervisor wrote to the court, the inmate became "uniquely talented and skilled in almost every discipline and trade ever needed by" the prison, and ended up saving the BOP "thousands of dollars" through his repair work. *Id.* at *1. He trained other inmates to perform

"every job description at th[e] facility," and then also mentored other inmates through teaching them "personal wellness plan[s], helping them plan their future, teaching them to read, teaching a class for the Education Department, or helping them write a letter." *Id.* at *1–2.

Far more frequent is the recognition by district courts that the Bureau of Prisons is in a better position to assess the inmate's history, the needs of the institution, the knowledge of how other inmates are treated, and the availability of suitable facilities. *Perry*, 2017 1534275, at *2. That is the case here. Although Mr. Barnett is to be commended for diligently preparing to succeed once he is released, the BOP remains in the best position to evaluate Mr. Barnett's placement.

Accordingly, it is ORDERED that the motion (Doc. # 889) is DENIED.

DONE this 8th day of November, 2019.

                                          /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE